UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER MASON, | ) | CASE NO. 1:05CV1759 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE JAMES S. GWIN |
| v. | ) | Magistrate Judge George J. Limbert |
| | ) | |
| UNITED STATES OF AMERICA, | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Respondent. | ) | |

On July 11, 2005, Petitioner Christopher Mason ("Petitioner"), a federal prisoner currently incarcerated in FCI Morgantown in Morgantown, West Virginia, filed a pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. ECF Dkt. #1. For the following reasons, the undersigned recommends that the Court deny Petitioner's § 2255 motion.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Between 2001 and August 2003, in the Northern District of Ohio, Eastern Division, and elsewhere, Petitioner aka Chris Domino, Ernest Keeton, and Harry Stewart, aka Harry O, and several others, did unlawfully, knowingly, and intentionally conspire and agree together to possess with the intent to distribute and distribute more than 500 grams but less than 2 kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B) and 846. *See* ECF Dkt. #7, Attachment 3; Attachment 1 at ¶16A.

As part of the conspiracy Petitioner purchased multi-gram quantities of cocaine from Harry Stewart, aka Harry O, and Michael Morris. ECF Dkt. #7, Attachment 1 at ¶16B. Petitioner also sold cocaine to Randall Allman. *Id.* The amount of sold cocaine possessed by Petitioner during the course of the conspiracy and directly attributable to his actions was more than 500 grams, but less than 2 kilograms. *Id.* Petitioner was aware that the substance he was possessing and distributing was actually cocaine. *Id.*

On June 3, 2004, Petitioner appeared before District Judge James S. Gwin for a change of plea hearing. At the hearing, Judge Gwin informed Petitioner of the charge against him and explained the penalties that he was facing. ECF Dkt. #7, Attachment 4 at 3-4. Judge Gwin also outlined the rights that Petitioner was waiving by entering into a plea agreement. *Id.* at 4-7. Petitioner represented that he understood those rights and the fact that he was waiving them. *Id.* Judge Gwin then asked Petitioner if he had any complaints about counsel's representation of him. ECF Dkt. #7, Attachment 4 at 7. Petitioner answered that he had no complaints. *Id.* Judge Gwin asked Petitioner if he had been happy with his counsel and if he felt that counsel had diligently represented him in terms of reviewing the evidence and giving his opinion. *Id.* at 7-8. Petitioner responded in the affirmative. *Id.* at 8.

Upon inquiry about the plea agreement, Petitioner's attorney indicated that he had just received the written plea agreement and had only gone through half of it with his client before the hearing. ECF Dkt. #7, Attachment 4 at 8. The Judge granted a recess in order for counsel to finish going over the plea agreement with Petitioner. *Id.* After the recess, Judge Gwin asked Petitioner if he had a chance to go through the plea agreement, whether he had sufficient time to discuss it with his counsel and if he signed it. *Id.* at 9. Petitioner responded in the affirmative to all three questions.

*Id.*

Judge Gwin went over the conditions and provisions of the plea agreement with Petitioner. ECF Dkt. #7, Attachment 4 at 10-14.  Petitioner responded that he did understand the contents of the plea agreement.  *Id.* at 11-12.  Petitioner also acknowledged that as part of his plea agreement, he was waiving the right to appeal his sentence in this case, except for claims of a sentence in excess of the statutory maximum, an upward departure from the Sentencing Guideline range or challenges resulting from ineffective assistance of counsel or prosecutorial misconduct.  ECF Dkt. #7, Attachment 4 at 13-14.  Judge Gwin then questioned Petitioner concerning the factual basis for his plea.  *See id.* at 14-19.

Thereafter, Petitioner plead guilty, pursuant to a written plea agreement, to conspiracy with the intent to distribute at least 500 grams, but less than 2 kilograms of cocaine.  The Court accepted Petitioner's plea finding that Petitioner had voluntarily and knowingly waived his rights by pleading guilty.  *Id.* at 19.

The case was submitted to the U.S. Probation Office for the preparation of a Presentence Report.  In his August 23, 2004, Presentence Report, the U.S. Probation Officer concluded that Petitioner's base offense level was 26 (based upon the amount of cocaine in the plea agreement and §2D1.1(c)(7) of the Guidelines) and recommended a 3 level reduction for acceptance of responsibility.  *See* ECF Dkt. #7 at 3.  The Probation Officer also concluded that Petitioner had 3 criminal history points, which corresponded to criminal history category II.  *Id.*  The guideline sentencing range, calculated based upon a final total offense level of 23 and Criminal History Category II, was 51-63 months, but Petitioner was subject to a statutory mandatory minimum sentence of 60 months.  Therefore, Petitioner's guideline sentencing range was 60-63 months.  *Id.*

On September 1, 2004, Judge Gwin adopted the findings contained in the Presentence Report at the sentencing hearing. *See* ECF Dkt. #7 at 3-4. Judge Gwin granted Petitioner a three level reduction for acceptance of responsibility and concluded that his adjusted base offense was 23 and that his Criminal History Category was II. The available Guideline sentencing range was 60-63 months. Petitioner's attorney requested a sentence at the low end of the Guideline range. Thereafter, Judge Gwin sentenced Petitioner to 60 months incarceration, five years of supervised release and a $100 special assessment. ECF Dkt. #7, Attachment 3. Petitioner did not file a direct appeal challenging his sentence.

On July 11, 2005, Petitioner filed the instant § 2255 motion to vacate, set aside, or correct his sentence. ECF Dkt. #1. In his § 2255 motion, Petitioner asserts the following grounds for relief:

> GROUND ONE: THE PETITIONER IS IN THE PROCESS OF SERVING AN ILLEGAL SENTENCE THAT WAS ENHANCED ON THE BASIS AND USE:MANDATORY ENHANCEMENTS THAT WERE APPLIED IN VIOLATION OF THE 6th AMENDMENT OF THE UNITED STATES CONSTITUTION. TRIAL COUNSEL WAS U.S. CONSTITUTIONALLY INEFFECTIVE FOR NOT OBJECTING TO THE USE OF SAME IN THE PSI & AT THE TIME OF SENTENCING DEPRIVING THE DEFENDANT OF HIS 6th AMENDMENT RIGHT TO THE EFFECTIVE ASSISTANCE [of] COUNSEL UNDER Hill v. Lockhart, 474 U.S. 52, 56. TRIAL COUNSEL WAS FURTHER U.S. CONSTITUTIONALLY INEFFECTIVE FOR NOT FILING A NOTICE OF APPEAL AS INSTRUCTED TO BY THE DEFENDANT DENYING HIM HIS 6th AMENDMENT RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL, PREJUDICING THE DEFENDANT SINCE HE [is] SERVING AN ILLEGAL SENTENCE UNDER United States v. Booker, 04-104[.]
>
> Supporting facts: The trial counsel did not investigate the facts surrounding the petitioner's case. There were vague allegations of indicted individuals that had reason to lie on the petitioner. Petitioner is innocent of the charges in the indictment. The trial counsel did not file any motions for the benefit of the petitioner, or move to dismiss the defective indictment. A BILL OF PARTICULARS could have been requested to obtain more facts & exposed the lies that were being told on the petitioner, nor file an evidentiary Hrg to obtain or expose the falsity of same.
>
> GROUND TWO: TRIAL COUNSEL WAS U.S. CONSTITUTIONALLY INEFFECTIVE

-4-

FOR NOT FILING A NOTICE OF APPEAL AS DIRECTED BY THE PETITIONER VIOLATING THE PETITIONER'S 5th & 6th AMENDMENT RIGHTS TO THE EFFECTIVE ASSISTANCE OF COUNSEL, PREJUDICING THE PETITIONER[.]

GROUND THREE: THE PETITIONER'S PLEA WAS UNKNOWING, UNINTELLIGENT AND INVOLUNTARY, SINCE THE THE [sic] TRIAL COUNSEL NOR THE COURT EXPLAIN[ED] THE RAMIFICATIONS OF Blakely v Washington, 124 Sct 2531, THAT WAS THE LAW AT THE TIME OF THE PETITIONER'S PLEA OF GUILT, SAME BEING ULTIMATELY UPHELD IN United States v Booker, 125 U.S. 125 THAT CAUSED THE GUIDELINES TO BE "ADVISORY" RATHER THAN MANDATORY, MAKING THE PLEA VOID DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL[.]

GROUND FOUR: THE PETITIONER'S [sic] PRAYS TO BE RESENTENCED UNDER THE AUTHORITY OF United States v Booker, 125 S.Ct. 738, and "ASK(S) THE DISTRICT COURT (TO) EXERCISE ITS NEWFOUND DISCRETION TO IMPOSE A NONGUIDELINE SENTENCE BELOW A STIPULATED GUIDELINES RANGE.." United States v. Cosini, S.D.N.Y., No. 03 Cr. 514, 5/11/05[.]

GROUND FIVE: THE PETITIONER MOVES TO VACATE HIS PLEA ON THE GROUNDS THAT SAME WAS UNKNOWING, UNINTELLIGENT, AND INVOLUNTARY DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL, BEING THE FACT THAT THE PETITIONER IS "ACTUALLY INNOCENT" OF THE CHARGED OFFENSE. THIS VIOLATES THE PETITIONER'S 6th AMENDMENT RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL[.]

ECF Dkt. #1. The instant case was referred to the undersigned for a report and recommendation. ECF Dkt. #4. On September 30, 2005, Respondent filed a brief in opposition to Petitioner's § 2255 motion. ECF Dkt. #7. On October 25, 2005, Petitioner filed a reply brief. ECF Dkt. #8.

## II.     STANDARD OF REVIEW

Under 28 U.S.C. § 2255, a federal inmate is provided with a post-conviction means of collaterally attacking his conviction or sentence. *See In re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999). Section 2255 sets forth four grounds upon which federal prisoners may challenge their conviction or sentence:

1.     That the sentence was imposed in violation of the Constitution or laws of the United States;

>    2. That the court was without jurisdiction to impose such sentence;
>    3. That the sentence was in excess of the maximum authorized by law;
>    4. That the sentence is otherwise subject to collateral attack.

*United States v. Hill*, 368 U.S. 424. 426-27 (1962); 28 U.S.C. § 2255.

Motions brought pursuant to § 2255 are the sole means by which a federal prisoner can collaterally attack a conviction or sentence that he alleges to be in violation of federal law. *Davis v. United States*, 417 U.S. 333 (1974); *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir. 1979). In order to prevail on a Section 2255 motion alleging a constitutional error, "the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *United States v. Watson*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)); *Griffin v. United States*, 30 F.3d 733, 736 (6th Cir. 2003). Conversely, in order to prevail on a Section 2255 motion alleging non-constitutional error, the petitioner must establish a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (citing *United States v. Hill*, 368 U.S. 424, 428 (1968)). Thus a petitioner seeking collateral relief "must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982).

### III. LAW AND ANALYSIS

Petitioner raises five grounds for relief, which largely relate to ineffective assistance of counsel, but also raises issues of improper sentence enhancement, involuntary plea and actual innocence. Petitioner asserts that he suffered the ineffective assistance of counsel because his trial counsel did not object to the use of improper sentence enhancements in the presentence report, did not file an appeal, did not investigate the facts of the case, and did not explain the ramifications of

*Blakely v. Washington*.  As an initial matter, it is clear from the record that Petitioner had a right to raise claims of ineffective assistance of counsel in the instant motion.  The plea agreement expressly excluded ineffective assistance of counsel from the claims that Petitioner was barred from raising in an appeal or § 2255 motion.  ECF Dkt. #7, Attachment 4 at 13-14.  Be that as it may, for the following reasons the undersigned recommends that the Court dismiss Petitioner's ground for relief with prejudice.

If a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a § 2255 challenge.  *United States v. Montano*, 398 F.3d 1276, 1279-1280 (11th Cir. 2005) (citing *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994)).  A defendant cannot overcome this procedural bar unless he can demonstrate cause for the default and show actual prejudice suffered as a result of the alleged error.  *Id.*  In the alternative, a defendant can also overcome the procedural bar created by the failure to appeal if he can demonstrate a fundamental miscarriage of justice.

Here, Petitioner did not file a direct appeal.  Thus, all five of his present claims are unexhausted and procedurally defaulted.  However, in grounds for relief one and two, Petitioner argues ineffective assistance of counsel for failing to file a direct appeal.  Construing this pro se petitioner liberally, the undersigned will treat this as an argument to demonstrate cause for failure to raise his present claims on direct appeal.  Thus, in order to determine whether Petitioner can surmount the procedural bar to the first claim in his § 2255 petition, the undersigned must first examine the merits of Petitioner's ineffective assistance of counsel claim.

In *Ludwig v. United States*, the Sixth Circuit held that "the failure to perfect a direct appeal,

in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment." 162 F.3d 456, 459 (6th Cir. 1998).  However, the Court emphasized "that a defendant's actual 'request' is still a critical element in the Sixth Amendment analysis.  The Constitution does not require lawyers to advise their clients of the right to appeal.  Rather, the Constitution is only implicated when a defendant actually requests an appeal, and his counsel disregards the request." *Id.*, citing *Morales v. United States*, 143 F.3d 94, 97 (2nd Cir. 1998); *Castellanos v. United States*, 26 F.3d 717, 719 (7th Cir. 1994).  In order to demonstrate that counsel's performance was constitutionally ineffective, Petitioner must show that: (1) his counsel made such serious errors that he was not functioning as the counsel guaranteed by the Sixth amendment; and (2) his counsel's deficient performance prejudiced the defense by undermining the reliability of the result.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

In the instant case, Petitioner has not met his burden of proving the ineffective assistance of counsel in failing to file an appeal at his request.  To the contrary, Petitioner presents two letters, one from the Federal Public Defender's Office and one from the District Court wherein both parties explain that Petitioner's request to appeal was made after the time to appeal had lapsed.  *See* ECF Dkt. #1, Attachments 11-12.  Therefore, Petitioner can not now claim ineffective assistance of counsel for failure to file an appeal when his request for such an appeal was untimely made.  Accordingly, Petitioner's claim of ineffective assistance of counsel for failure to file a direct appeal cannot save his procedural default.  Thus, the instant petition is not properly before this Court.

But even if it was, Petitioner's remaining ineffective assistance of counsel claims must fail. In regards to the allegation contained in ground for relief number three, that trial counsel was ineffective for not explaining the ramifications of *Blakely v. Washington*, 542 U.S. 296 (2004), the

undersigned recommends that the court find that trial counsel did not err.  As aforementioned, in order to demonstrate that counsel's performance was constitutionally ineffective, Petitioner must show that: (1) his counsel made such serious errors that he was not functioning as the counsel guaranteed by the Sixth amendment; and (2) his counsel's deficient performance prejudiced the defense by undermining the reliability of the result.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Under the first prong of the *Strickland* test, Petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness, based on all the surrounding circumstances.  *Strickland*, 466 U.S. at 688.  Judicial scrutiny must be highly deferential and avoid the distorting effects of hindsight.  *Id.* at 689.  In order to satisfy the second prong of the *Strickland* test, Petitioner must show that a "reasonable probability" exists that, but for counsel's errors, the result of the criminal proceedings would have been different.  *Strickland*, 466 U.S. at 694.  To show prejudice upon a conviction entered on a guilty plea, a petitioner must "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id*.

Here, Petitioner agreed to a plea deal on June 3, 2004.  *See* ECF Dkt. #7, Attachment 1.  The decision in *Blakely* was handed down three weeks later, on June 24, 2004.  *See Blakely, supra.* Therefore, counsel had no obligation to explain *Blakely*, as there was nothing to explain at the time of the plea hearing.  Moreover, *Blakely* held that a defendant's Sixth Amendment right to a trial by jury was violated by a *state* sentencing system that allowed a judge to apply factors to enhance a defendant's sentence above the *sentencing guideline maximum* without those enhancement factors being proven to a jury beyond a reasonable doubt.  *See Blakely*, 542 U.S. at 302-306.  *Blakely*,

however, did not apply to the United States Sentencing Guidelines. *See United States v. Koch*, 383 F.3d 436 (6th Cir. 2004) (*en banc*); *United States v. Lubowa*, 118 Fed. Appx. 888, 894 (6th Cir. 2004). In this case, Petitioner received the federal statutory minimum at the low end of the federal guideline range or 60 months; therefore, *Blakely* is in no way applicable to Petitioner's case.

The Supreme Court did extend its holding in *Blakely* to the Federal Sentencing Guidelines in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 755-56 (2005). However, *Booker* was decided on January 12, 2005, well after Petitioner's plea agreement and sentencing and cannot be applied retro-actively to Petitioner's case. *See Humphress v. United States*, 398 F.3d 855, 860-63 (6th Cir. 2005) (holding that *Booker* does not apply retroactively to cases on collateral review because *Booker* announced a new rule of criminal procedure). And again, because Petitioner's sentence did not exceed the guideline maximums or the statutory maximums, the *Blakely/Booker* line of cases are not even relevant to Petitioner's case. Thus, counsel was not ineffective for failure to explain them. Further, the undersigned finds that in so far as Petitioner's fourth ground for relief relies on *Booker* to request a re-sentencing, as explained above, the ground for relief should be denied because *Booker* is inapplicable to Petitioner's case since it does not apply retroactively to cases on collateral review.

Likewise, the remaining ineffective assistance of counsel claims contained in the first ground for relief, for failure to object to improper sentence enhancement, for failure to investigate the facts, and for failure to file any motions are meritless. First, when a defendant pleads guilty, the State is free to seek judicial sentence enhancements so long as the defendant stipulates to the relevant facts. *See Blakely*, 124 S.Ct. at 2541. Petitioner stipulated to the enhancements of which he complains and the factual basis underlying them at the plea hearing and in the plea agreement. Thus, there was no

-10-

cause for trial counsel to object to those same enhancements. Further, even with the enhancements, Petitioner received the minimum sentence that he could have received under the statute. Second, at the plea hearing Petitioner specifically affirmed that he was satisfied with his counsel's investigation of the facts and stipulated to the facts on which his conviction was based. Third, given Petitioner's own affirmations of the plea agreement, the facts underlying the crimes and his representation of satisfaction with his counsel, there were no motions that trial counsel failed to file. Accordingly, Petitioner can not prove under these facts that his trial counsel made errors, let alone serious errors as mandated under *Strickland*.

As for Petitioner's remaining claims, pursuant to the plea agreement Petitioner has validly waived his right to appeal the issues he raises of involuntary plea contained in grounds for relief three and five, and actual innocence contained in ground for relief five. *See* ECF Dkt. #7, Attachment 4. Moreover, the district court found that Petitioner entered a plea knowingly, voluntarily and intelligently. ECF Dkt. #7, Attachment 4 at 19. There is nothing in the pleadings or transcripts to suggest otherwise, nor does Petitioner present credible grounds to suggest his plea was involuntary, unknowing or unintelligent. Further, the transcript reflects that Petitioner affirmed multiple times that he knew and understood the rights he was waiving, the terms of the plea agreement that he was agreeing to and that he was satisfied with his attorney. In fact, Judge Gwin told the Petitioner that while he was questioning Petitioner as to the factual basis for the plea, he had the "impression" that Petitioner did not want to plead guilty and he should not enter a guilty plea if he did not want to. ECF Dkt.#7, Attachment 4 at 16. Petitioner replied, "I am nervous and under a lot of stress. My actions were wrong, and I am admitting to them." *Id.* Therefore, the undersigned cannot conclude that Petitioner's plea was not knowing, voluntary or intelligent.

As to Petitioner's last claim, actual innocence is not itself a substantive claim, but rather serves only to lift a procedural bar caused by a failure to timely file or to raise a claim on direct review. *Bousley v. United States*, 523 U.S. 614, 622, 140 L. Ed. 2d 828, 118 S. Ct. 1604. Specifically, a petitioner must show either cause and prejudice or a miscarriage of justice in order to obtain habeas review of an otherwise procedurally defaulted claim. *House v. Bell*, 386 F.3d 668, 677-678 (6th Cir. 2004) (quoting *Schlup v. Delo*, 513 U.S. 298, 130 L. Ed. 2d 808, 115 S. Ct. 851 (1995)). With respect to a miscarriage of justice, a petitioner must demonstrate that "a constitutional violation has probably resulted in the conviction of one who is actually innocent of the crime." *Schlup*, 513 U.S. at 324.

In this case, Petitioner does not present any evidence of actual innocence of the crimes in the indictment. Rather, the record indicates Petitioner specifically agreed and stipulated to the facts and circumstances surrounding the crimes to which he plead guilty. Petitioner can not now claim innocence of those same events. As aforementioned, Petitioner knowingly, voluntarily and intelligently, waived his rights to appeal and does not present any grounds worthy of review on the merits. Therefore, the claim of being actually innocent of the charges that he plead to and the actions that he affirmed in court that he raises in the instant petition, while at odds with Petitioner's previous statements to the court, are also irrelevant.

Accordingly, the undersigned recommends that the Court dismiss the instant Petition because all five grounds for relief have been procedurally defaulted and in the alternative, are meritless.

**IV.     CONCLUSION AND RECOMMENDATION**

For the foregoing reasons, the undersigned recommends that the Court dismiss Petitioner's § 2255 motion with prejudice.  ECF Dkt. #1.


Dated: January 27, 2006                                           */s/George J. Limbert*
                                                                                        George J. Limbert
                                                                                        United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice.  Failure to file objection within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).