UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
CHRISTOPHER MASON,                              :        CASE NO. 1:05-CV-1759
                                                :                   (1:04-CR-0173)
             Petitioner,                        :
                                                :
     vs.                                        :        ORDER AND OPINION
                                                :        [Resolving Doc. Nos. 1, 9]
UNITED STATES,                                  :
                                                :
             Respondent.                        :
                                                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Presently before the Court is the Petitioner Christopher Mason's July 11, 2005 motion to vacate or correct his sentence under 28 U.S.C. § 2255. [Doc. 1]. The United States opposes Mason's petition. On January 27, 2006, Magistrate Judge Limbert issued a report and recommendation, recommending that this Court deny the Petitioner's motion. [Doc. 9]. The Petitioner timely objected to the Magistrate's report and recommendation [Doc. 10]. For the reasons described below, the Court ADOPTS Magistrate Judge Limbert's Report and Recommendation and DENIES the Petitioner's motion for relief under 28 U.S.C. § 2255.

**I. Background**

On April 6, 2004, the Government issued an indictment, charging Petitioner Christopher Mason, along with two other individuals, with conspiracy to possess with the intent to distribute between fifty grams and two kilograms of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) and 21 U.S.C. § 846. Additionally, the indictment charged the Petitioner with possession

-1-

Case No. 1:05-CV-1759
Gwin, J.

with the intent to distribute approximately 128 grams of cocaine, and distributing approximately twenty-seven grams of cocaine.

On June 3, 2004, the Petitioner pled guilty in this Court to the conspiracy charge. At the pleas hearing, the Court informed the Petitioner of the charges against him. The Court additionally explained that if convicted on the conspiracy charge, the Petitioner faced a possible sentence of up to forty years incarceration, with a five year statutory minimum, and a fine of up to $2 million. *See* ECF Dkt. # 7, Attachment 4 at 4. The Court then outlined the rights that the Petitioner would waive by entering into the plea agreement. The Petitioner acknowledged the waiver of these rights. *See id.* at 4-7. The Court also asked the Petitioner if he had any complaints about trial counsel's representation of him. The Petitioner responded the he had no complaints. *See id.* at 7-8.

Turning to the plea agreement, the Petitioner's counsel advised the Court that he had just that day received the written plea agreement and requested additional time to review the agreement with the Petitioner. The Court recessed the plea hearing for approximately fifteen minutes. When the hearing resumed, the Court asked the Petitioner if he had sufficient time to discuss the plea agreement with his counsel and whether he had signed the agreement. The Petitioner responded in the affirmative. *See id.* at 9.

The Court next reviewed the conditions of the plea agreement, including the condition that the Petitioner give up his right to appeal his sentence. The Court further explained that though the Petitioner waived his right to appeal, he reserved the right to appeal a sentence that exceeds the statutory maximum or amounts to an upward departure from the Sentencing Guideline range, as well as the right to collaterally challenge his conviction on the basis of ineffective assistance of counsel or prosecutorial misconduct. *See id.* at 13-14.

Case No. 1:05-CV-1759
Gwin, J.

While questioning the Petitioner as to the factual predicate of the charges, the Court found that the Petitioner was hesitant in admitting many of the facts, including the quantity of drugs alleged to have been involved. The Court expressed doubt as to whether the Petitioner truly wanted to plead guilty. However, the Petitioner reassured the Court that he did intend to plead guilty, stating "I am nervous and under a lot of stress. My actions were wrong, and I am admitting to them." *Id.* at 16. The Court subsequently accepted the Petitioner's plea, finding that the Petitioner knowingly and voluntarily waived his rights.

Following the plea hearing, the U.S. Probation Office prepared a presentence report. Based on the amount of cocain specified in the plea agreement, the U.S. Probation Officer calculated a base offense level of twenty-six and recommended a three-level reduction for acceptance of responsibility. The Probation Officer also determined that the Petitioner had a total of three criminal history points, placing him in criminal history category II. The final total offense level of twenty-three and the criminal history category of II placed the Petitioner in a sentencing range of fifty-one to sixty-three months. However, the Petitioner's conviction carried a statutory mandatory minimum sentence of sixty months.

At the September 1, 2004 sentencing hearing, the Court adopted the findings contained in the presentence report. Based on those findings, the Court sentenced the Petitioner to sixty months in prison and five years of supervised release.

On November 18, 2004, the Petitioner filed a motion requesting that the Court appoint appellate counsel. In this motion, Mason alleged that his trial counsel had not explained the appellate procedures to him. The Court appointed the Federal Defender's Office to represent the Petitioner on appeal. On December 22, 2004, the Federal Defender's Office filed a motion to

-3-

Case No. 1:05-CV-1759
Gwin, J.

withdraw as counsel, asserting that the time limit for filing an appeal had already lapsed. On December 30, 2004, this Court granted the motion to withdraw.

On July 11, 2006, the Petitioner filed the present motion to correct his sentence pursuant to 28 U.S.C. § 2255. With this motion, the Petitioner raises the following grounds for relief:

> GROUND ONE: THE PETITIONER IS IN THE PROCESS OF SERVING AN ILLEGAL SENTENCE THAT WAS ENHANCED ON THE BASIS AND USE:MANDATORY ENHANCEMENTS THAT WERE APPLIED IN VIOLATION OF THE 6th AMENDMENT OF THE UNITED STATES CONSTITUTION. TRIAL COUNSEL WAS U.S. CONSTITUTIONALLY INEFFECTIVE FOR NOT OBJECTING TO THE USE OF SAME IN THE PSI & AT THE TIME OF SENTENCING DEPRIVING THE DEFENDANT OF HIS 6th AMENDMENT RIGHT TO THE EFFECTIVE ASSISTANCE [of] COUNSEL UNDER Hill v. Lockhart, 474 U.S. 52, 56. TRIAL COUNSEL WAS FURTHER U.S. CONSTITUTIONALLY INEFFECTIVE FOR NOT FILING A NOTICE OF APPEAL AS INSTRUCTED TO BY THE DEFENDANT DENYING HIM HIS 6th AMENDMENT RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL, PREJUDICING THE DEFENDANT SINCE HE [is] SERVING AN ILLEGAL SENTENCE UNDER United States v. Booker, 04-104[.]
>
> GROUND TWO: TRIAL COUNSEL WAS U.S. CONSTITUTIONALLY INEFFECTIVE FOR NOT FILING A NOTICE OF APPEAL AS DIRECTED BY THE PETITIONER VIOLATING THE PETITIONER'S 5th & 6th AMENDMENT RIGHTS TO THE EFFECTIVE ASSISTANCE OF COUNSEL, PREJUDICING THE PETITIONER[.]
>
> GROUND THREE: THE PETITIONER'S PLEA WAS UNKNOWING, UNINTELLIGENT AND INVOLUNTARY, SINCE THE THE [sic] TRIAL COUNSEL NOR THE COURT EXPLAIN[ED] THE RAMIFICATIONS OF Blakely v Washington, 124 Sct 2531, THAT WAS THE LAW AT THE TIME OF THE PETITIONER'S PLEA OF GUILT, SAME BEING ULTIMATELY UPHELD IN United States v Booker, 125 U.S. 125 THAT CAUSED THE GUIDELINES TO BE "ADVISORY" RATHER THAN MANDATORY, MAKING THE PLEA VOID DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL[.]
>
> GROUND FOUR: THE PETITIONER'S [sic] PRAYS TO BE RESENTENCED UNDER THE AUTHORITY OF United States v Booker, 125 S.Ct. 738, and "ASK(S) THE DISTRICT COURT (TO) EXERCISE ITS NEWFOUND DISCRETION TO IMPOSE A NONGUIDELINE SENTENCE BELOW A STIPULATED GUIDELINES RANGE." United States v. Cosini, S.D.N.Y., No. 03

Case No. 1:05-CV-1759
Gwin, J.

>Cr. 514, 5/11/05[.]
>
>GROUND FIVE: THE PETITIONER MOVES TO VACATE HIS PLEA ON THE GROUNDS THAT SAME WAS UNKNOWING, UNINTELLIGENT, AND INVOLUNTARY DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL, BEING THE FACT THAT THE PETITIONER IS "ACTUALLY INNOCENT" OF THE CHARGED OFFENSE. THIS VIOLATES THE PETITIONER'S 6th AMENDMENT RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL[.]

ECF Dkt. # 1.

On January 27, 2006, Magistrate Judge Limbert issued his report and recommendation, recommending that this Court deny the Petitioner's motion. The Magistrate Judge found that several of the Petitioner's claims were procedurally barred and that the Petitioner did not provide sufficient allegations to support his claims of ineffective assistance of counsel. On February 13, 2006, the Petitioner timely objected to the report and recommendation. The Court reviews the Petitioner's § 2255 motion *de novo*.

## II. Legal Standard

Section 2255 gives a federal prisoner post-conviction means of collaterally attacking a conviction or sentence that he alleges to be in violation of federal law. *See In re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999). Section 2255 provides four grounds upon which a federal prisoner may challenge his conviction or sentence:

>1) That the sentence was imposed in violation of the Constitution or laws of the United States;
>
>2) That the court was without jurisdiction to impose such sentence;
>
>3) That the sentence exceeded the maximum authorized by law; or
>
>4) That the sentence is otherwise subject to collateral attack.

*Hill v. United States*, 368 U.S. 424, 426-27 (1963); 28 U.S.C. § 2255.

Case No. 1:05-CV-1759
Gwin, J.

To prevail on a § 2255 motion alleging a constitutional error, the movant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)). Meanwhile, to prevail on a § 2255 motion alleging non-constitutional error, the movant must establish a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (citing *United States v. Hill*, 368 U.S. 424, 428 (1968)).

However, a plea agreement may preempt a § 2255 claim. "[A] defendant's informed and voluntary waiver of the right to collaterally attack a sentence in a plea agreement bars [§ 2255] relief." *Watson*, 165 F.3d at 489. A defendant who knowingly, intentionally, and voluntarily enters a plea agreement forfeits the right to bring subsequent, non-jurisdictional challenges not specifically retained in the agreement. *Id.* Generally, only those motions specified in the plea itself are reserved for review; the defendant waives the right to raise independent claims relating to the deprivation of rights which he alleges occurred prior to the entry of his plea. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Bahhur*, 200 F.3d 917, 922-23 (6th Cir. 2000).

### III. Analysis

With his § 2255 motion, the Petitioner essentially argues: (1) that trial counsel failed to adequately investigate the charges against the petitioner, failed to file various motions, and failed to object to an allegedly improper sentence enhancement; (2) that trial counsel was ineffective for failing to file a notice of appeal; (3) that the Petitioner's guilty plea was unknowing and involuntary,

-6-

Case No. 1:05-CV-1759
Gwin, J.

and that trial counsel failed to adequately explain the nature of the plea agreement; (4) that the Court should vacate the Petitioner's sentence in light of *United States v. Booker*, 543 U.S. 220 (2005); and finally (5) that the Petitioner is actually innocent.

*A. Waiver of Collateral Relief*

As discussed above, in his plea agreement the Petitioner waived his right to appeal or collaterally attack his conviction or sentence. Mason reserved the right to challenge only an upward departure from the sentencing guidelines, a sentence that exceeds the statutory maximum, ineffective assistance of counsel, or prosecutorial misconduct. Mason understood that waiver of his rights. *See* ECF Dkt. # 7, Attachment 4 at 13-14. Consequently, Mason waived his third and fifth grounds for relief, in which he challenges the voluntariness of his plea and alleges actual innocence.

Even if the Plaintiff had not waived these claims, the Court would nonetheless find that the petitioner offers no evidence to show that he entered the guilty plea unknowingly or involuntarily. As described above, the Court fully advised the Petitioner of the nature of his plea before accepting the signed plea agreement. The transcript of the plea hearing shows that the Petitioner understood the charges against him and the possible sentence that he faced upon conviction. Additionally, at the hearing, Mason confirmed that he discussed the plea agreement with his attorney. Moreover, when the Judge expressed doubt as to whether the Petitioner truly wanted to plead guilty, the Petitioner reassured the Court of his intentions, stating, "My actions were wrong, and I am admitting to them." *Id.* at 16.

Finally, contrary to the Petitioner's current assertion, the Court expressly advised the Petitioner that by entering into the plea agreement, the Petitioner would waive any right to appeal

Case No. 1:05-CV-1759
Gwin, J.

his sentence and conviction, with limited exceptions. The following exchange demonstrates that the Petitioner knowingly waived this right:

> THE COURT: Do you also give up as part of this plea agreement your right to appeal your conviction?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you also give up your right to appeal your sentence except to the extent it exceeds the statutory maximum or it is an upward departure from the sentencing guideline or it results from the ineffective assistance of counsel or prosecutorial misconduct, but apart from those, do you give up your right to appeal your sentence?
>
> THE DEFENDANT: Yes.

*Id.* at 13-14.

Under these circumstances, the Petitioner cannot reasonable argue that his plea was unknowing or involuntary. *See Mabry v. Johnson*, 467 U.S. 504, 508 (1984) ("It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked."(footnote omitted)); *Watson*, 165 F.3d at 489 (finding knowing, intelligent, and voluntary guilty plea where defendant made plea free of threat and discussed the plea with his attorney).

The Petitioner claims that he later changed his mind at his sentencing hearing and expressed to his attorney that he wished to withdraw his guilty plea. However, the sentencing transcript shows no indication of such request. To the contrary, the Petitioner's statements at the sentencing hearing indicate that he had no intention of challenging his plea at that time. For example, after finding the Petitioner guilty and determining that the Petitioner's total offense level should be set at twenty-three and his criminal history category at II, the Court clarified that the Petitioner's conviction

Case No. 1:05-CV-1759
Gwin, J.

carried a five-year mandatory minimum sentence. The Court then asked the Petitioner if there was anything he would like to say. The Petitioner responded "No, not really, your Honor. I just wanted to ask if I could be recommended for a boot camp type thing and a drug program, you know, the same thing to help improve the situation." *See* No. 1:04CR173, ECF Dkt. # 86 at 6. This response is consistent with the Petitioner's admission of guilt and entirely inconsistent with the Petitioner's assertion that he wanted to withdraw his plea. Accordingly, the Petitioner's argument is not credible.

Likewise, the Court finds that the Petitioner offers no evidence of actual innocence. The record indicates that in pleading guilty the Petitioner stipulated to the facts and circumstances surrounding the conspiracy charge. Therefore, this claim lacks merit.

*B. Procedural Default*

Additionally, the Court finds that the third and fourth grounds for relief, in which the Petitioner challenges the voluntariness of his plea and the nature of his sentence, are procedurally defaulted due to the Petitioner's failure to raise these claims on direct appeal.[1] *See Bousley v. United States*, 523 U.S. 614, 621 (1998) ("[T]he voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review."). Accordingly, the Petitioner can only raise such claims in his § 2255 motion if he first demonstrates either (1) cause to excuse his failure to raise the claim previously and actual prejudice resulting from the alleged violation or (2) actual innocence. *Bousley*, 523 U.S. at 622; *Peveler v. United States*, 269 F.3d 693,

---

[1] Even if the Petitioner's fourth ground for relief were not procedurally barred, the Court would alternatively hold that it is without merit. The Supreme Court issued its opinion in *United States v. Booker*, 543 U.S. 220 (2005) after this Court imposed the Petitioner's sentence. *Booker* does not have retroactive effect. *Humphress v. United States*, 398 F. 3d 855, 860-63 (6th Cir. 2005). Accordingly, *Booker* does not apply to the Petitioner's case.

Case No. 1:05-CV-1759
Gwin, J.

699-700 (6th Cir. 2001).

As discussed above, the Petitioner offers no evidence of actual innocence. Accordingly, this Court may only excuse the Petitioner's procedural default if the Petitioner can prove cause and actual prejudice. In grounds one and two of his § 2255 motion, the Petitioner alleges that his trial counsel was ineffective for failing to file a direct appeal. Construing the Petitioner's *pro se* motion liberally, the Court interprets this claim as an argument to demonstrate cause for failing to file a timely appeal.

To prove ineffective assistance of counsel, the Petitioner must meet a two-pronged test. First, he must show that counsel's performance was so deficient that he was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Judicial scrutiny of counsel's performance is highly deferential, and there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689.

Second, the Petitioner must show that the deficient performance prejudiced the defense so seriously as to deprive him of a fair trial. *Id.* at 687. The Petitioner may meet the second prong of the test by showing that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. The *Strickland* standard applies to guilty pleas as well. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985).

The Sixth Circuit has held that "the failure to perfect a direct appeal, in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment." *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998). However, in order to prove a violation, the defendant must show that he made an actual request for an appeal. *See id.* ("The Constitution is only implicated when

Case No. 1:05-CV-1759
Gwin, J.

a defendant actually requests an appeal, and his counsel disregards the request.").

In the instant case, the Petitioner claims that he told counsel that he wished to appeal his sentence. However, he offers no evidence that he made a timely request for an appeal. At the September 2, 2004 sentencing, the Petitioner stated that he did not wish to pursue an appeal.[2] The Petitioner had ten days from that date to change his mind and file a notice of appeal. Well past that deadline, on November 18, 2004, the Petitioner sent a letter to the Court stating his intention to pursue an appeal and requesting that the Court appoint counsel for this purpose. The Court advised the Petitioner by letter dated February 16, 2005 that the time period within which to file an appeal had lapsed.

The Petitioner fails to show that he actually asked his attorney to file an appeal. Accordingly, the Petitioner has not shown a *per se* violation of his Sixth Amendment right to counsel. The Petitioner additionally alleges that trial counsel never advised him of his right to appeal. The United States Supreme Court has held that the failure to consult with a defendant about pursuing an appeal does not necessarily amount to ineffective assistance of counsel. *Roe v. Flores-Ortega*, 528 U.S. 470, 479 (2000). In *Flores-Ortega*, the Supreme Court provided the following scenario:

> For example, suppose that a defendant consults with counsel; counsel advises the defendant that a guilty plea probably will lead to a 2 year sentence; the defendant expresses satisfaction and pleads guilty; the court sentences the defendant to 2 years' imprisonment as expected and informs the defendant of his appeal rights; the

---

[2] At that hearing, the Court inquired of the Defendant:

Q. You may have a right to take an appeal from this. You may also have waived and given up that right. Do you believe you want to take an appeal from this?

THE DEFENDANT: No, your Honor.

-11-

Case No. 1:05-CV-1759
Gwin, J.

> defendant does not express any interest in appealing, and counsel concludes that there are no nonfrivolous grounds for appeal. Under these circumstances, it would be difficult to say that counsel is "professionally unreasonable" as a constitutional matter, in not consulting with such a defendant regarding an appeal.

*Id.* (internal citations omitted).

The extent to which the Petitioner's trial counsel consulted with him about pursuing an appeal after the sentencing hearing is unclear. However, the record shows that prior to this time, counsel advised the Petitioner as to the likely sentence that the Petitioner would receive as a result of entering the plea agreement. Additionally, counsel advised the Petitioner that by entering into the plea agreement, he would waive his right to appeal his conviction and sentence with the limited exceptions described above. The Court accepted the Petitioner's knowing and voluntary plea of guilty and subsequently sentenced the Petitioner in accordance with the plea agreement. Moreover, the Court specifically received the Defendant's statement that he did not wish to appeal. The instant case therefore differs little from the example that the Supreme Court provided in *Flores-Ortega*. Even if Petitioner's counsel did not consult with him about pursuing an appeal subsequent to sentencing, this omission does not amount to constitutionally deficient assistance of counsel. Accordingly, the Court finds that the Petitioner fails to demonstrate cause to excuse the procedural default of grounds three and four in the instant § 2255 motion.

*B. Ineffective Assistance of Counsel*

Having disposed of grounds two through five, the Court turns to the Petitioner's first ground for relief, involving several allegations of ineffective assistance of counsel. Specifically, The Petitioner claims that his trial counsel was constitutionally inefficient for: (1) not adequately explaining the ramifications of *Blakely v. Washington*, 542 U.S. 296 (2004); (2) failing to object

Case No. 1:05-CV-1759
Gwin, J.

to an allegedly improper sentence enhancement; (3) failing to investigate the facts surrounding the charges against the Petitioner; and (4) failing to file certain pretrial motions.

Turning first to the issue of *Blakely*, 542 U.S. at 296, the Court finds that the Petitioner's counsel had no duty to explain the holding of that case as it was not applicable to the Petitioner's case. In *Blakely*, the Supreme Court held that a state sentencing system that allowed a judge to apply factors to enhance a defendant's sentence above the sentencing guideline maximum without those enhancement factors being proven to a jury beyond a reasonable doubt violated the defendant's Sixth Amendment right to a trial by jury. *Id.* at 302-306. *Blakely* is inapplicable to the instant case for at least two reasons. First, the Court did not sentence the Petitioner above the guideline maximum. Instead, the Court sentenced the Petitioner to the federal statutory minimum of sixty months, which was at the low end of the guideline range. Second, *Blakely* dealt solely with a state sentencing system. The Supreme Court did not extend its holding in *Blakely* to apply to the federal sentencing guidelines until the following year in *Booker*, 543 U.S. at 220. Therefore, the Petitioner's counsel had no reason to discuss *Blakely* with the Petitioner.

The Petitioner next argues that his counsel should have objected to an allegedly improper sentencing enhancements. However, the petitioner stipulated to those enhancements and the factual basis underlying those enhancements by entering into the plea agreement and acknowledged those stipulations at the plea hearing. *See* ECF Dkt. # 7, Attachment 4 at 12, 15-19. Moreover, as stated above, the Court sentenced the Petitioner to the statutory minimum. Accordingly, trial counsel has no reason to object to any sentencing enhancements.

Finally, as to counsel's alleged failure to investigate the facts of this case and file various pretial motions, the Court finds that counsel was justified in relying on the Petitioner's admission

-13-

Case No. 1:05-CV-1759
Gwin, J.

of guilt. As stated above, the Court finds that the Petitioner knowingly and willingly entered into a plea agreement, by which he stipulated to his role in the charged conspiracy offense. Therefore, there was no reason for counsel to further investigate the facts or file any motions. Accordingly, the Petitioner fails to show that his counsel's assistance was at all deficient, let alone that counsel's performance was so deficient that he was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687.

### IV.  Conclusion

For the reasons described above, the Court finds that the Petitioner has not presented any claim meriting relief under Section 2255. Accordingly, the Court **AFFIRMS** Magistrate Judge Limbert's Report and Recommendation and **DISMISSES** the Petitioner's motion. The Court additionally certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and and that there is no basis upon which to issue a certificate of appealability. *See* 28 U.S.C. §2253(c).

IT IS SO ORDERED.


Dated: August 22, 2006                         s/        *James S. Gwin*
                                               JAMES S. GWIN
                                               UNITED STATES DISTRICT JUDGE